RECEIVED

JUN 13 2016

TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA, LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| | |
|---|---|
| **BEVERLY SALTER, individually and on behalf of others similarly Situated** | **CIVIL ACTION NO. 2:16-00477** |
| **VERSUS** | **JUDGE JAMES T. TRIMBLE, JR.** |
| **LEADING HEALTHCARE OF LOUISIANA LLC** | **MAG. JUDGE KAY** |

## MEMORANDUM RULING

Before the court is "Defendant's Motion for Partial Dismissal" (R. #8) wherein the mover, Leader Healthcare of Louisiana LLC ("LHL") seeks to have plaintiff's state law claims of unjust enrichment and quantum meruit dismissed; if plaintiff's state law claims are dismissed, mover further seeks to dismiss any class action pursuant to Federal Rule of Civil Procedure 23 and allow the suit to proceed pursuant to the Fair Labor Standards Act ("FLSA") collective action procedures. Plaintiff has not opposed the instant motion and the time for doing so has now lapsed.

## FACTUAL ALLEGATIONS

This is a collective action brought by petitioner, Beverly Salter, on behalf of herself and the proposed plaintiff class wherein Salter alleges that during the relevant time period defendant violated laws relative to the payment of minimum wages and overtime pay.

## LAW AND ANALYSIS

Fed. R. Civ. P. 8(a)(2) requires that pleadings which state one or more claims for relief must contain "...a short and plain statement of the claim showing that the pleader is entitled to relief..."  This "notice pleading" requirement is balanced against Fed. R. Civ. P. 12(b)(6), which provides that a court may dismiss one or more claims when the pleader fails to state a claim upon which relief may be granted.

For the purpose of considering a motion to dismiss pursuant to Rule 12(b)(6), the court must take all well-pled factual allegations as true and must view them in the light most favorable to the plaintiff.[1]  The pleading must allege facts which, when taken as true, raise the pleader's claim for relief beyond the level of speculation or suspicion.[2]  Conclusions of law or recitations of necessary elements of a claim will not suffice.[3]

The court's analysis is restricted to the pleading at issue, its proper attachment and matters of public record.[4]

Defendant maintains that plaintiff is precluded from pursuing a quantum meruit/unjust enrichment claim because the FLSA provides an express remedy. Pursuant to Louisiana Civil Code article 2298, the remedy of unjust enrichment is subsidiary in nature, and "shall not be available if the law provides another remedy."[5] The unjust enrichment is "only applicable to fill a gap in

---

[1] In re Katrina Canal Breaches Litigation, 495 F.3d 191 (5th Cir. 2007) (internal citations omitted).
[2] Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007).
[3] Papasan v. Allain, 478 U.S. 265 (1986).
[4] Financial Acquisition Partners LP v. Blackwell, 440 F.3d 278 (5th Cir. 2006) (internal citations omitted).
[5] See Walters v. MedSouth Record Mgmt. LLC, 38 So.3d 243, 244(quoting Carriere v. Bank of Louisiana, 702 So.2d 648, 671 (La. 12/13/96)(on rehearing).

the law where no express remedy is provided."[6] The FLSA does provide a remedy for plaintiff to recover minimum and overtime wages in violation of that law.[7] Thus, the court will dismiss plaintiff's unjust enrichment claim.

"Quantum meruit, as a substantive basis for recovery, is . . . viewed with disfavor by Louisiana law."[8] The Fifth Circuit agrees stating that "{a]lthough [courts and parties have] relied on *quantum meruit* as a substantive basis of recovery, it is not recognized as such in Louisiana but is only used as a measure of compensation or price in a quasi-contract or when none is stated in a contract."[9] "Therefore, where a plaintiff seeks to employ a quantum meruit theory as a substantive ground for recovery, . . . the analysis is more properly made under the doctrine of *action de in rem verso*[10] or unjust enrichment.[11] Because FLSA provides an available remedy to plaintiff, her quantum meruit claims which are treated like unjust enrichment claims should also be dismissed.

Plaintiff has asserted a class action premised on article 591 of the Louisiana Civil Code. However, Rule 23 of the Federal Rules of Civil Procedure provides the procedure for certification of proposed class actions pending in federal court but premised on state law.[12] Rule 23 class actions and FLSA collective actions are mutually exclusive and there are irreconcilable differences

---

[6] Id. quoting Mouton v. State, 525 So.2d 1136. 1142 (La. App. 1st Cir. 1988) writ denied, 526 So.2d 1112 (La. 1988).
[7] 29 U.S.C. § 216(b).
[8] Fogleman v. Cajun Bag & Supply Co., 638 So.2d 706, 708 (La. App. Cir. 6/15/1994).
[9] SMP Sales Management, Inc. v. Fleet Credit Corp., 960 F.2d 557 (5th Cir. 1992).
[10] *Actio de in rem verso* "derives from the principle of equity which forbids enrichment at the expense of another, and since it has been regulated by no provision of the enacted law, its exercise is subject to no precise rules; it is sufficient that the plaintiff allege and undertake to prove that as a result of some sacrifice or act on his part he has procured an advantage to the defendant." Minyard v. Curtis Products, Inc., 251 La. 624 (La. 1967).
[11] Fogleman, 638 So.2d at 709.
[12] Erie R.R. C. v. Tompkins, 304 U.S. 64, 78, 58 S.Ct. 817 (1938)("Federal courts sitting in diversity apply state substantive law rather than federal common law."

between Rule 23 class actions and FLSA collective actions. Accordingly, to the extent plaintiff seeks to apply Rule 23 to her FLSA claims, they will be dismissed and the action will proceed in accordance with the collective action procedures in the FLSA.

## CONCLUSION

For the reasons set forth above the motion to dismiss will be granted dismissing with prejudice plaintiff's claims for unjust enrichment/quantum meruit and the class action pursuant to Rule 23 of the Federal Rules of Civil Procedure reserving plaintiff's right to pursue the collective action in accordance with the FLSA.

**THUS DONE AND SIGNED** in chambers in Alexandria, Louisiana on this 13th day of June, 2016.

_____
JUDGE JAMES T. TRIMBLE, JR.
UNITED STATES DISTRICT JUDGE